[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO REDUCE VERDICT AND MOTION FOR INTEREST 
This action arises out of a motor vehicle collision in which the plaintiff was injured. The following facts are undisputed. The plaintiff filed this action on June 12, 2000 against John A. Baker and William Pinckney, the drivers of two of the vehicles allegedly involved in the collision, and against the plaintiff's uninsured/underinsured motorist carrier, Allstate Insurance Company (Allstate). John A. Baker was uninsured at the time of the collision. The plaintiff's policy with Allstate provides $100,000 uninsured motorist coverage.
Pursuant to General Statutes § 52-192a,[1] the plaintiff filed on March 16, 2001 an offer of judgment against Allstate in the amount of $100,000. Allstate did not accept the offer. The plaintiff settled her claim against Pinckney for $45,000, and filed a withdrawal as to Pinckney only on May 22, 2001. Following trial, the jury returned a verdict for the plaintiff in the amount of $162,854.95 against John A. Baker and Allstate.
Allstate has filed a motion to reduce the verdict. The plaintiff has filed a motion for interest pursuant to General Statutes § 52-192a, based on Allstate's failure to accept the plaintiff's $100,000 offer of judgment.
Allstate moves to have the verdict against it reduced to $55,000, a sum equal to the $100,000 uninsured motorist policy limit less the $45,000 paid in settlement by William Pinckney. The plaintiff argues that the $45,000 settlement should be subtracted from the total damages of CT Page 13305 $162,854.95 as calculated by the jury, arriving at a figure of $117,854.95. The plaintiff claims that she is therefore entitled to collect the full policy amount of $100,000 from Allstate.
Section 38a-334-6 (d)(1) of the Regulations of Connecticut State Agencies provides in relevant part: "The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of section 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been . . . paid by or on behalf of any person responsible for the injury. . . ." The contract provision in the present case mirrors the language of the regulation. It provides: "The limits of this coverage will be reduced by all amounts paid by or on behalf of the owner or operator of the uninsured auto or underinsured auto or anyone else responsible."
"Our rules of statutory construction apply to administrative regulations." Preston v. Dept. of Environmental Protection, 218 Conn. 821,829 n. 9 (1991). "Ordinarily, if the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Office of Consumer Counsel v. Dept. of PublicUtility Control, 246 Conn. 18, 29 (1998). Similarly, in construing a contract, "[w]here the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) OCI Mortgage Corp. v. Marchese,255 Conn. 448, 466 (2001). In the present case, the relevant regulation and the uninsured motorist policy both unambiguously refer to the reduction of coverage limits.
Furthermore, our Supreme Court has consistently construed § 38a-334-6
(d) of the regulations as authorizing reductions in the uninsured motorist carrier's liability, rather than total damages. See Vitti v.Allstate Insurance Co., 245 Conn. 169, 172-73 (1998) (section 38a-334-6
(d) permits reduction in "the amount payable pursuant to a claim for uninsured or underinsured motorist coverage"); Lumbermens Mutual CasualtyCo. v. Huntley, 223 Conn. 22, 30 (1992) ("an uninsured motorist carrier may limit its liability by taking credit for a payment made by a tortfeasor to the insured"); Wilson v. Security Ins. Co., 213 Conn. 532,538, cert. denied, 498 U.S. 814, 111 S.Ct. 52, 112 L.Ed.2d 28 (1990), cert. denied, 502 U.S. 1005, 112 S.Ct. 640, 116 L.Ed.2d 658 (1991) (section 38-175a-6 (d) (now 38a-334-6 (d)) allows reduction in uninsured motorist benefits).
The plaintiff claims, however, that subtracting the $45,000 paid by Pinckney from the uninsured motorist policy limit of $100,000 violates CT Page 13306 the public policy behind our uninsured motorist legislation. "Although compensating the victim of an underinsured motorist as if the tortfeasor were adequately insured is a general public policy objective of the uninsured motorist statute . . . we have concluded that other policy considerations preclude conferring the selfsame rights on both the victim of an adequately insured tortfeasor and the victim of an inadequately insured tortfeasor. . . . [T]he plain words of . . . [§ 38a-336] simply require that each policy provide a minimum level of uninsured [andunderinsured] motorist coverage `for the protection of persons insured thereunder.' The statute does not require that uninsured motorist coverage be made available when the insured has been otherwise protected. . . . Nor does the statute provide that the uninsured motorist coverage shall stand as an independent source of recovery for the insured, or that the coverage limits shall not be reduced under appropriate circumstances. The statute merely requires that a certain minimum level of protection be provided for those insured under automobile liability insurance policies; the insurance commissioner hasbeen left with the task of defining those terms and condictions whichwill suffice to satisfy the requirement of `protection.'" (Citations omitted; emphasis in original; internal quotation marks "omitted.) Vittiv. Allstate Ins. Co., supra, 245 Conn. 183-84. As discussed above, the insurance commissioner, through the enactment of § 38a-334-6 (d) (1), has specifically provided for a reduction in benefits under the present circumstances.
Finally, the plaintiff cites to J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (2d Ed. 1999) § 6.7, pp. 401-405, for the proposition that Allstate is seeking an impermissible "double deduction." A review of that section of the treatise reveals, however, that it deals with situations in which the same payments are deducted from uninsured motorist payments more than once. For example, a double deduction might occur when multiple uninsured motorist carriers attempt to receive credits for the same reductions; see id., 401; or when the uninsured motorist carrier receives a credit for workers' compensation benefits that have been repaid by the injured party. See id., 402. The concept of a double deduction is simply inapplicable to the present case, in which Allstate seeks a single reduction of its liability because of payments made by a tortfeasor and the tortfeasor's liability carrier.
For the reasons discussed above, Allstate's motion to reduce the verdict against it to $55,000 is granted. As conceded by the plaintiff at oral argument, the reduction of the verdict against Allstate below $100,000 renders the plaintiff's motion for offer of judgment interest moot as to Allstate. The plaintiff is therefore not entitled to any offer of judgment interest from Allstate. CT Page 13307
Hendel, J.